UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINESH KUMAR SINGH,<br><br>                    Petitioner,<br><br>          v.<br><br>PEOPLE OF THE STATE OF<br>CALIFORNIA,<br><br>                    Respondent. | No.  2:14-cv-1393 CKD P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 7 ("Ptn.").)  Before the court is respondent's October 16, 2014 motion to dismiss the petition as untimely filed.  (ECF No. 13.)  Petitioner has filed an opposition to the motion, and respondent has filed a reply.  (ECF Nos. 14 & 16.)  Petitioner has also filed a sur-reply (ECF No. 18), which the court considers in light of petitioner's pro se status. The parties have consented to this court's jurisdiction.  (ECF Nos. 4 & 12.)  For the reasons set forth below, the undersigned will grant respondent's motion.

BACKGROUND

In 2010, a jury convicted petitioner of inflicting corporal injury resulting in a traumatic condition upon a cohabitant.  (Cal. Pen. Code § 273.5, subd. (a).)  The jury also found true allegations that petitioner personally inflicted great bodily injury under circumstances involving domestic violence and personally used a deadly weapon, a knife, in the commission of the

1

offense.  (Cal. Pen. Code § 12022.7, subd. (e); § 12022, sub (b)(1).)  On July 28, 2010, petitioner was sentenced to a determinate state prison term of six years.  (Ptn. at 1; Lod. Doc. 1-2.)[1]

Petitioner appealed.  On May 23, 2012, the California Court of Appeal, Third Appellate District, affirmed the judgment.  (Lod. Doc. 2.)   Petitioner sought review in the California Supreme Court, which was denied on August 22, 2012.  (Lod. Doc. 3-4.)

Petitioner next filed three pro se state post-conviction collateral challenges with respect to the judgment, all petitions for writs of habeas corpus[2]:

The First Petition

May 27, 2013:  Petition for writ of habeas corpus filed in the Sacramento County Superior Court (Lod. Doc. 5);

July 23, 2013:  Petition denied (Lod. Doc. 6).

The Second Petition

August 29, 2013: Petition for writ of habeas corpus filed in the California Court of Appeal, Third Appellate District (Lod. Doc. 7);

September 5, 2013:  Petition denied (Lod. Doc. 8).

The Third Petition

February 4, 2014:  Petition for writ of habeas corpus filed in the California Supreme Court (Lod. Doc. 9);

March 26, 2014:  Petition denied (Lod. Doc. 10.)

On June 10, 2014, petitioner commenced the instant federal action.  (ECF No. 1; see ECF No. 13 at 2, n.3 (mailbox rule cannot be applied to undated copy of appellate brief)).

////

////

---

[1] See ECF No. 15 (Respondent's Notice of Lodging Documents).

[2] Where applicable, the petitions listed were given the benefit of the "mailbox rule," Habeas Rule 3(d), in which a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox rule applies to federal and state petitions alike.

1                          <u>STATUTE OF LIMITATIONS UNDER THE AEDPA</u>

2        Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and

3 Effective Death Penalty Act of 1996 ("AEDPA") are applicable. <u>See</u> <u>Lindh v. Murphy</u>, 521 U.S.

4 320, 336 (1997); <u>Clark v. Murphy</u>, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a

5 one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244

6 provides as follows:

7
8         (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

9
10            (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

11
12            (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was
13 prevented from filing by such State action;

14            (C)  the date on which the constitutional right asserted was
15 initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
16

17            (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
18

19        (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward
20 any period of limitation under this subsection.

21       The AEDPA statute of limitations is tolled during the time a properly filed application for

22 post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations

23 is not tolled during the interval between the date on which a decision becomes final and the date

24 on which the petitioner files his first state collateral challenge. <u>Nino v. Galaza</u>, 183 F.3d 1003,

25 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is

26 "pending" during a full round of review in the state courts, including the time between a lower

27 court decision and the filing of a new petition in a higher court, as long as the intervals between

28 petitions are "reasonable." <u>See</u> <u>Evans v. Chavis</u>, 546 U.S. 189, 192 (2006); <u>Carey v. Saffold</u>, 536

1    U.S. 214, 222-24 (2002).

2    <u>ANALYSIS</u>

3    I. <u>Commencement of the Running of the Limitation Period</u>

4        Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the

5    judgment became final by the conclusion of direct review or the expiration of the time for seeking

6    such review." <u>See</u> <u>Wixom v. Washington</u>, 264 F.3d 894, 897 (9th Cir. 2001). The statute

7    commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal

8    appeals in the state court system, followed by either the completion or denial of certiorari

9    proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by

10    the conclusion of all direct criminal appeals in the state court system followed by the expiration

11    of the time permitted for filing a petition for writ of certiorari. <u>Wixom</u>, 264 F.3d at 897 (quoting

12    <u>Smith v. Bowersox</u>, 159 F.3d 345, 348 (8th Cir.1998), <u>cert. denied</u>, 525 U.S. 1187 (1999)).

13        Here, petitioner appealed his judgment of conviction. The California Supreme Court

14    denied review on August 22, 2012. The time to seek direct review ended on November 20, 2012,

15    when the 90-day period for filing a petition for writ of certiorari with the United States Supreme

16    Court expired. Supreme Court Rule 13. The one-year limitations period began to run the

17    following day, November 21, 2012. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001)

18    (citing Fed. R. Civ. P 6(a)). Thus the last day to file a petition was on November 20, 2013, plus

19    any time for tolling.

20        This action commenced on June 10, 2014.

21    II. <u>Statutory Tolling</u>

22        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

23    for State post-conviction or other collateral review with respect to the pertinent judgment or claim

24    is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2).

25        Here, the statute of limitations began running on November 21, 2012, and petitioner filed

26    his first state petition on May 27, 2013. Thus 187 days elapsed before the first petition was filed.

27        Respondent concedes that petitioner is entitled to statutory tolling during the pendency of

28    his first and second state habeas petitions – a total of 101 days, between May 27, 2013 and

1    September 5, 2013.  Adding 101 days to the original AEDPA deadline, petitioner's federal

2    petition was due March 1, 2014, absent additional tolling.

3         Petitioner filed his third state petition on February 4, 2014.  Between September 5, 2013

4    and February 4, 2014, there was a gap of 152 days.  Respondent contends that the limitations

5    period should not be tolled during this period, as petitioner did not file his next petition within a

6    "reasonable time."  See Evans v. Chavis, 546 U.S. 189, 198 (2006).

7         The Ninth Circuit has held that delays of 81 and 91 days by California prisoners in

8    seeking state habeas relief from the next highest state court is unreasonable for purposes of

9    statutory tolling of the AEDPA statute of limitations.  Velasquez v. Kirkland, 639 F.3d 964, 968

10   (9th Cir. 2011); see also Chaffer v. Prosper, 592 F.3d 1046, 1048 & n.1 (9th Cir. 2010) (delays of

11   101 and 115 days unreasonable).  In Velasquez, the Ninth Circuit determined what constituted a

12   "reasonable" delay in filing an application for review in California by looking to the "short

13   period[s] of time, 30 to 60 days, that most states provide for filing an appeal[,]" as "California's

14   system is materially similar to the systems of other states with concrete deadlines."  Id. at 967.

15        In Velasquez, the court deemed an unexplained 81-day gap unreasonable.  See 639 F.3d at

16   968 ("With no adequate justification for the . . . filing delays, . . such delays were

17   unreasonable."); see also Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (petitioner not

18   entitled to "gap" tolling between state petitions "given the lack of explanation or justification for

19   these delays," among other factors).  In contrast, the Ninth Circuit has excused a gap exceeding

20   60 days where a petitioner has filed a complex petition in the higher court or the facts of a

21   particular case required an expansion of the record, necessitating such delay.  See Maxwell v.

22   Roe, 628 F.3d 486, 496-97 (9th Cir. 2010) (one-year gap tolling was reasonable where state

23   supreme court petition was filed after lengthy evidentiary hearing).

24        The undersigned has compared petitioner's second and third state petitions.  (Lod. Docs. 7

25   & 9.)  They contain the same arguments and are nearly identical, a point conceded by petitioner.

26   (ECF No. 14 at 1 ("the second and third habeas petitions were identical.").  Thus, the gap between

27   petitioner's second and third petitions is not "reasonable" due to expansion of the record or

28   revisions to an earlier-filed brief.

1    Petitioner asserts that the 152-day gap is nonetheless reasonable because when he received

2    the court of appeal's order denying his second petition, he "only noticed the file stamp of

3    September 3, 2013 on the front of the order and inadvertently did not notice the denial stamp on

4    the second page of the order."  (ECF No. 14 at 1.)  Petitioner attributes this error to his medical

5    condition in September 2013, when he was suffering from valley fever.  (Id.)  He attaches

6    medical lab results from 2013 and a list of his medications in 2014 (id. at 5-8), but does not

7    provide details of his diagnosis, symptoms, or how these affected his ability to use the law library

8    and/or pursue state habeas relief.

9    In his sur-reply, petitioner further explains that, after his petition to the court of appeal

10   was denied, he misunderstood the file-stamped order and continued to wait for a court order on

11   the petition.  (ECF No. 18 at 3.)  After he didn't receive word for "60-90 days and onwards," he

12   sought help from the prison law library and "was informed in late January 2014 that the petition

13   was denied on September 5th, 2013."  (Id.)  Afterward, he filed a copy of his previous petition in

14   the California Supreme Court.  (Id.)  Petitioner asserts that his illness prevented him from seeking

15   help from the law library earlier.  (Id.)

16   Notably, petitioner did not offer these reasons for delay in his petition to the California

17   Supreme Court.  (See Lod. Doc. 9 at 6.)  On the state habeas form asking him to "explain any

18   delay . . . in raising the claims in this petition," petitioner gave reasons for not raising his claims

19   on direct appeal, but no justification for the 152-day gap between petitions.  (Id.)  The

20   undersigned concludes that petitioner's misreading of a court order, coupled with an illness –

21   issues raised for the first time in this federal habeas action – do not render the 152-day gap

22   "reasonable" under Chavis.  See Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (no

23   statutory tolling where petitioner's state habeas petitions "offered no justification for the delays as

24   required under California law").  Accordingly, petitioner is not entitled to statutory tolling during

25   this period.

26   Respondent concedes that the pendency of the third petition, between February 4, 2014

27   and March 26, 2014, is subject to statutory tolling.  Adding an additional 50 days to the AEDPA

28   deadline, petitioner had until April 21, 2014 to commence this federal action.  Because the instant

1  petition was filed on June 10, 2014, it is untimely unless some portion of the limitations period is

2  equitably tolled.

3  III.  Equitable Tolling

4         The AEDPA statute of limitations may be subject to equitable tolling if a petitioner can

5  demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary

6  circumstance prevented him from filing on time.  Holland v. Florida, 130 S. Ct. 2549, 2562

7  (2010).  Petitioner must show that the "extraordinary circumstance" was the cause of the

8  untimeliness.  See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  Equitable tolling is

9  "unavailable in most cases."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002), citing

10  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Indeed, the threshold necessary to trigger

11  equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  Id. (internal

12  quotation marks and citation omitted).

13        The court now considers whether petitioner's arguments for statutory tolling, discussed

14  above, warrant equitable tolling under this standard.  First, petitioner's misunderstanding of a

15  state court order is not an extraordinary circumstance that prevented him from timely filing his

16  federal petition.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (prisoner's

17  ignorance of AEDPA's requirements is not a basis for equitable tolling) (citing cases).  Nor has

18  he shown that his illness prevented him from filing his federal petition on time.

19        Moreover, looking over the entirety of the limitations period, petitioner has not shown the

20  requisite diligence for equitable tolling.  As set forth above, he waited 187 days after the

21  judgment against him became final to begin state collateral review; 152 days after the court of

22  appeal denied his second habeas petition before filing an identical, third habeas petition; and

23  another 76 days after the state supreme court denied review before commencing the instant

24  federal action.

25        As petitioner does not meet the high bar for equitable tolling of the AEDPA limitations

26  period, the petition is untimely.

27  ////

28  ////

7

1    Accordingly, IT IS HEREBY ORDERED that respondent's motion to dismiss (ECF No.

2  13) is granted, and the Clerk of Court shall close this case.

3  Dated:  July 30, 2015

4  _____
   CAROLYN K. DELANEY
5  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14   2/ sing1393.mtd

15

16

17

18

19

20

21

22

23

24

25

26

27

28